UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

TAYE L. ELLEBY,

                Plaintiff,

   v.                                      9:20-CV-0693 (LEK/ML)

SERGEANT MARTINGANO,

                Defendant.
─────────────────────────────────────────

**DECISION AND ORDER**

**I.   BACKGROUND**

Plaintiff Taye Elleby commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Complaint"), Dkt. No. 3 ("IFP Application"). By Decision and Order entered on September 8, 2020, this Court granted the IFP Application in accordance with 28 U.S.C. § 1915(g) based on a determination that Plaintiff made a preliminary showing that he is entitled to the "imminent danger" exception. Dkt. No. 10 ("September 2020 Order"). Following a review of the Complaint pursuant to §§ 1915(e)(2)(B) and 1915A(b), this Court dismissed some of Plaintiff's claims and terminated some of the named defendants, and directed service and a response regarding the claim against defendant Martingano that survived sua sponte review. Id.

Presently before the Court is Plaintiff's motion seeking reconsideration of the September 2020 Order. Dkt. No. 14 ("Motion for Reconsideration").

**II.     MOTION FOR RECONSIDERATION**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.[1] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence that was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Plaintiff argues that the Court erred in dismissing his claims against defendants Superknot, Peachtree, Senecal, and the United States of America without first allowing him an opportunity to explain why they were each named as defendants. See Mot. for Recons. at 1.

Plaintiff's argument is misplaced. Plaintiff's § 1983 claims against Superknot, Peachtree, and Senecal in their individual capacities, as well as his claims against the United States of America, were dismissed without prejudice. See September 2020 Order at 16. Plaintiff was

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. at 257.

advised that § 1983 would not apply to the United States and that sovereign immunity would bar a constitutional tort claim against the United States. Id. at 10. In addition, although Plaintiff named Superknot, Peachtree, Senecal, and other officers in his Complaint, the Complaint did not contain any factual allegations about those officials and so these allegations were dismissed for failure to state a claim upon which relief may be granted. Id. at 11–12. Plaintiff was advised in the September 2020 Order that he may seek to pursue any of the claims dismissed without prejudice by filing an amended complaint. Id. at 16 n.10. The Court finds no clear error in these findings.

In short, after thoroughly reviewing Plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that Plaintiff presents no basis for reconsideration of the September 2020 Order. Thus, Plaintiff's motion for reconsideration of the September 2020 Order is denied in its entirety.

In the event Plaintiff chooses to file an amended complaint, he is reminded that it must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts that violated his constitutional rights. Plaintiff is further reminded that any amended complaint accepted by this Court shall supersede and replace the original Complaint in its entirety, and must therefore be a complete pleading that sets forth all of the claims that he wants this Court to consider as a basis for awarding relief. See also September 2020 Order at 16 n.10. Plaintiff's deadline to amend his pleading as a matter of course is set forth in Rule 15(a) of the Federal Rules of Civil Procedure.[2]

---

[2] Should Plaintiff choose to file an amended complaint, the Court will review the pleading for sufficiency in accordance with §§ 1915(e)(2)(B) and § 1915A(b).

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:    October 02, 2020
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge