UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAYE ELLEBY,

                              Plaintiff,

        -against-                                      9:20-CV-0693 (LEK/ML)

SGT. MARTINGANO,

                              Defendant.

_____

## DECISION AND ORDER

## I.      INTRODUCTION

        Plaintiff Taye Elleby brings this pro se action against Sergeant Martingano. See Dkt. No.
1 ("Complaint"). On September 8, 2020, this Court granted Plaintiff's IFP Application and found
that his Eighth Amendment claim against Martingano survived sua sponte review. See Dkt. No.
10 ("September 2020 Decision"). On September 27, 2021, Martingano filed a motion for
summary judgment, see Dkt. No. 33, and on October 8, 2021, Plaintiff filed his response in
opposition, see Dkt. No. 36. On November 30, 2021, the Honorable Miroslav Lovric
recommended that Plaintiff's Complaint be dismissed with prejudice for failure to exhaust his
administrative remedies and, in the alternative, for failure to establish a failure to protect claim
pursuant to the Eighth Amendment. See Dkt. No. 37 ("Report-Recommendation") at 24. Plaintiff
timely filed an objection to the Report-Recommendation. See Dkt. No. 38 ("Objection"). For the
reasons discussed below, the Court adopts the Report-Recommendation.

## II.     BACKGROUND

### A. Factual History

Plaintiffs' factual allegations are detailed in Judge Lovric's Report-Recommendation, familiarity with which is assumed. See R. & R. at 4–10.

### B. Report-Recommendation

In his Report-Recommendation, Magistrate Judge Miroslav Lovric recommended that Plaintiff's Complaint be dismissed because Plaintiff failed to exhaust his administrative remedies, and in the alternative, because Plaintiff could not establish an Eighth Amendment claim. See id. at 20–23. Furthermore, Judge Lovric denied Defendant's motion to revoke Plaintiff's IFP status as moot, and recommended that Defendant's qualified immunity argument be denied. See id. at 20, 23–24.

## III. LEGAL STANDARD

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not

2

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); see also Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B.  Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (alteration in original).

To defeat a motion of summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. Fed. R. Civ. P. 56(a). Sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary

judgment motion." Scott v. Coughlin, 344 F.3d 282, 289 (2d Cir. 2003). The credibility of such statements is better left to a trier of fact. Id.

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). Furthermore, when a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Summary judgment is only appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### C.  Exhaustion

The Prison Litigation Reform Act ("PLRA") governs federal civil rights litigation by incarcerated individuals. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by an incarcerated individual confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all incarcerated individual suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011) (citations omitted).

To exhaust administrative remedies, an incarcerated individual must complete all of the administrative review procedures according to the rules applicable to the institution in which he

or she is confined. See Jones v. Bock, 549 U.S. 199, 218 (2007). Therefore, "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006).

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the superintendent of the facility. Id. § 701.5(c). Adverse decisions at the superintendent's level may be appealed to the Central Office Review Committee ("CORC"). Id. § 701.5(d).

## IV.   DISCUSSION

Here, an objection was raised in the allotted time with respect to Magistrate Judge Lovric's Report-Recommendation. For purposes of review of the Report-Recommendation and in consideration of Plaintiffs' pro se status, the Court will undertake a de novo determination, starting with the exhaustion requirement.

Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff failed to exhaust his administrative remedies. See Objection at 7–10. Specifically, Plaintiff argues that (1) his grievance would have been regarded as "moot" because of his transfer to a different facility, (2) he was faced with an emergency situation and had no time to fully exhaust the grievance system; and (3) Plaintiff sufficiently appealed his grievance through a ticket appeal to the Commissioner of Corrections. See id.

Points (2) and (3) were brought up for the first time in his Objection, and since Plaintiff did not raise this argument before the Magistrate Judge, the Court need not address these newly raised arguments.

As for point (1), the Court notes that there is no genuine dispute of material fact regarding the sequence of events: on June 15, 2020, Plaintiff was involved in an incident that is the subject of this litigation; subsequently Plaintiff filed a grievance that was logged by the IGRC Clerk; on July 27, 2020, Plaintiff was transferred to a different facility, and then the grievance was dismissed on July 30, 2020 because of Plaintiff's transfer. See R. at R. at 5, 10. The dismissal informed Plaintiff that he could apply to the Inmate Grievance Program Supervisor for review within seven days after receipt of the IGRC's decision to dismiss. Id. at 10. Although Plaintiff may find it confusing, this is how New York State allows inmates to pursue appeals of grievance dismissals after their transfer to a new facility:

> An inmate transferred to another facility may continue an appeal of any grievance. If the grievant wishes to appeal, he or she must mail the signed appeal form back to the IGP supervisor at the facility where the grievance was originally filed within seven calendar days after receipt. The IGP supervisor will refer it to the facility grievance clerk for processing.

N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(h)(2).

Thus, a de novo review reveals that Plaintiff never sought review of the dismissal of his grievance, nor is there is any record of Plaintiff appealing the grievance. See R. at R. at 10. As a result, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for failure to exhaust his administrative remedies, and the Court does not need to consider the alternative arguments raised in the Report-Recommendation.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 37) is **APPROVED and ADOPTED on failure to exhaust grounds**; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

**IT IS SO ORDERED.**

DATED:      January 03, 2022
            Albany, New York


            Lawrence E. Kahn
            U.S. District Judge